UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DANIEL GUMA, MICHAEL D'ANTONI,
KEVIN HORN and TIMOTHY LYONS, *on behalf of themselves and others similarly situated*,

                      *Plaintiffs*,

-against-

THE CITY OF LONG BEACH, ALL COUNTY
HOOK UP TOWING, INC. d/b/a ALL COUNTY
TOWING & RECOVERY, JOSEPH CALVAGNO,
*individually*,

                      *Defendants*.

------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
23-cv-04529 (GRB) (JMW)

**A P P E A R A N C E S:**

    Andrew J. Campanelli
    **Campanelli & Associates, P.C.**
    1757 Merrick Avenue, Suite 204
    Merrick, NY 11566
    *Attorneys for Plaintiffs & Proposed Class Members*

    Matthew DeLuca
    **Law Offices of Mark A. Cuthbertson**
    434 New York Avenue
    Huntington, New York 11743
    *Attorneys for Defendant City of Long Beach*

    Alexander Sendrowitz
    **Quatela Chimeri, PLLC**
    888 Veterans Memorial Hwy., Ste. 530
    Hauppauge, New York 11788
    *Attorneys for Defendants All County Hook Up Towing*
    *d/b/a All County Towing & Recovery and Joseph Calvagno*

**WICKS,** Magistrate Judge:

Plaintiffs Daniel Guma, Michael D'Antoni, Kevin Horn and Timothy Lyons ("Plaintiffs") commenced this action against Defendants the City of Long Beach ("City"), All County Towing and Recovery and All County Hook Up Towing, Inc. ("All County" Defendants), and Joseph Calvagano (collectively, "Defendants"), for violations of Plaintiffs' Fourth, Fifth and Fourteenth Amendment rights. (ECF No. 1 at ¶ 1.) Plaintiffs specifically challenge the City's "Boot and Tow" policy and program, which consists of seizing and selling motor vehicles for the sole purpose of collecting monies for unpaid and often unadjudicated parking tickets, pursuant to Long Beach City Code ("LBCC") Section 1, Chapter 15, Article VI, Division 2. (*Id.* at ¶ 2.) Plaintiffs allege Defendants engaged in unconstitutional warrantless seizure of their personal vehicles, and deprived Plaintiffs of their due process rights and just compensation in relation to the seizure. (*Id.* at 8-10.) Recently, this Court issued a Report and Recommendation to the Hon. Judge Gary R. Brown recommending denial of Plaintiffs' Motion to Amend (ECF No. 41), which was adopted in full.[1] (*See* Electronic Order dated 2/7/2025.)

On February 15, 2025, and as directed in the Report and Recommendation, the parties submitted a joint letter with a proposed briefing schedule for Plaintiff's anticipated motion for class certification, which the undersigned adopted. (ECF No. 42; Electronic Order dated 2/17/2025.) Now before the Court is Plaintiffs' Motion for Class Certification, Class Counsel, and Class Representatives (ECF Nos. 46, 49), which is opposed by Defendants (ECF Nos. 47-48). For the reasons stated herein, Plaintiffs' Motion for Class Certification (ECF No. 46) is **DENIED**.

---

[1] The Court refers the reader to the undersigned's Report and Recommendation (ECF No. 41) for a full recitation of this action's background as the docket has been still between that entry and the instant motion.

## **LEGAL FRAMEWORK**

Rule 23 of the Federal Rules of Civil Procedure governs class actions. "To maintain a class action, plaintiffs must demonstrate that '(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.'" *Elisa W. v. City of New York*, 82 F.4th 115, 122 (2d Cir. 2023) (citing Fed. R. Civ. P. 23(a)). Those elements "are known as numerosity, commonality, typicality, and adequate representation." *Id.* "In addition to satisfying these requirements, plaintiffs must also show that one of the three conditions of Rule 23(b) is met." *Andrews v. Sazerac Co., Inc.*, No. 23-CV-1060 (AS), 2025 WL 19312, at *2 (S.D.N.Y. Jan. 2, 2025) (quoting *Elisa W.*, 82 F.4th at 122). Rule 23(b) authorizes certification of a class so long as Rule 23(a) is satisfied and if:

(1) prosecuting separate actions by or against individual class members would create risk of:

   (A) inconsistent of varying adjudications with respect to individual class members would establish incompatible standards of conduct for the party opposing class; or

   (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests;

(2) the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole; or

(3) the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Fed. R. Civ. P. 23(b).

As Plaintiffs seek certification pursuant to Rule 23(b)(3), they must demonstrate that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *Maroney v. Woodstream Corp.*, No. 19-CV-8294 (KMK), 2025 WL 945874, at *3 (S.D.N.Y. Mar. 28, 2025) (citing Fed. R. Civ P. 23(b)(3)). This is known as predominance and superiority. *Id.* (citing *Polvay v. FCTI, Inc.*, 713 F. Supp. 3d 1, 5 (S.D.N.Y. 2024)). This is satisfied if the resolution of the legal and factual questions of each class member's case can be achieved through generalized proof, and those issues are more substantial than the issues which are subject to individualized proof. *See Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 538 (2d Cir. 2016) (quoting Fed. R. Civ. P. 23(b)(3)).

Moreover, the Second Circuit has also recognized an implicit requirement of "ascertainability" within Rule 23(a). *In re Petrobras Sec.*, 862 F.3d 250, 264 (2d Cir. 2017) ("The ascertainability doctrine that governs in this Circuit requires only that a class be defined using objective criteria that establish a membership with definite boundaries."). Rule 23(a) "does not set forth a mere pleading standard," but instead requires that the proponent of certification "affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (emphasis in original). Therefore, class certification is only granted "if, 'after a rigorous analysis,' the [C]ourt is satisfied that the prerequisites of Rule 23(a) are met." *Maroney*, 2025 WL 945874, at *3 (quoting *Woodhams v. GlaxoSmithKline Consumer Healthcare Holdings (US) LLC*, No. 18-CV-3990, 2024 WL 1216595, at *9 (S.D.N.Y. Mar. 21, 2024)). And, whether to grant certification under Rule 23 "is a discretionary determination that we think is best made by the district court

4

upon appropriate analysis of the circumstances of the case." *Langan v. Johnson & Johnson Consumer Companies, Inc.*, 897 F.3d 88, 98 (2d Cir. 2018).

Given the Second Circuit's guidance that class certification should be provided liberally, Plaintiffs' motion is viewed in the light most favorable to them, since a liberal approach to class certification motions is advised. *See Butto v. Collecto Inc.*, 290 F.R.D. 372, 389 (E.D.N.Y. 2013) ("In determining whether to certify a class, courts take a liberal rather than a restrictive approach."); *Kronenberg v. Allstate Ins. Co.*, 743 F. Supp. 3d 465, 503 (E.D.N.Y. 2024) (internal citations omitted) ("Nevertheless, the Court is cognizant that Rule 23 is to be construed 'liberally.'")

With this framework in mind, the Court addresses Plaintiffs' Motion for Class Certification.

## DISCUSSION

Plaintiffs seek class certification pursuant to Rules 23(a) and 23(b)(3) for

> [individuals] whose vehicles were seized by the City of Long Beach for tickets issued by the City of Log Beach for unpaid parking violations, including tickets issued for parking without a permit, parking with an expired permit, parking beyond a permitted parking time, parking too close to a driveway, or the parking of a car which is otherwise unlawful, for being parked on a public street with an expired inspection sticker, registration or insurance, without having been provided any pre-seizure or post seizure hearing.[2]

---

[2] City Defendants argue that the Class "definition is fundamentally flawed as there are no 'tickets issued by the City of Long Beach for unpaid parking violations,' let alone seizures made in connection with such tickets. This definition would therefore result in a class with no members, which alone defeats Plaintiffs' motion for class certification." (ECF No. 47 at 2.) Plaintiffs in their Reply, state that the word "unpaid" was an error and without it, the proposed Class definition is proper. (ECF No. 49 at 1.) *See Zivkovic v. Laura Christy LLC*, 329 F.R.D. 61, 68 (S.D.N.Y. 2018) (quoting *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 312 F.R.D. 332, 340 (S.D.N.Y. 2015) ("[I]f there is to be an error made, let it be in favor and not against the maintenance of the class action, for it is always subject to modification should later developments during the course of the trial so require.")).

5

(ECF No. 46 at 2.) Plaintiffs also ask that this Court appoint Plaintiffs as the class representatives and Campanelli & Associates, P.C. ("Campanelli") as lead counsel. (*Id.*) Each request is addressed accordingly.

The requirements for Rule 23 class certification must be established by a preponderance of the evidence and are subject to a rigorous analysis. *Poplawski v. Metroplex on the Atl., LLC*, No. 11-CV-3765, 2012 WL 1107711, at *5 (E.D.N.Y. Apr. 2, 2012). Any factual disputes relevant to the Rule 23 requirements must be resolved and any doubts should be resolved in favor of certification. *Spencer v. No Parking Today, Inc.*, No. 12-CV-6323 (ALC)(AJP), 2013 WL 1040052, at *10 (S.D.N.Y. Mar. 15, 2013), *report and recommendation adopted*, No. 12-CV-6323 (ALC) (AJP), 2013 WL 2473039 (S.D.N.Y. June 7, 2013). As previously noted, this Court has "substantial discretion in determining whether to certify a class." *Id.*

### i. *Rule 23(a)(1): Numerosity*

Plaintiffs contend the numerosity requirement is satisfied here because the proposed class "consists of thousands of members." (ECF No. 46-1 at 8-9.) During the alleged class period of August 17, 2021, through "early 2023" (the "Class Period"), approximately 2,166 vehicles were impounded by Defendants. (*Id.*; 46-3 at ¶¶ 16-17.) In Plaintiffs' Complaint, it is identified that 267 vehicle owners had their vehicles seized but that list is not the total that Plaintiffs seek to certify. (ECF Nos. 46-2 at 1; 46-3 at ¶¶ 89-91.) The City Defendants oppose asserting that the numerosity has not been met as the identities of the 267 vehicle owners are not provided and the allegation that 2,166 vehicles were impounded during the Class Period is pure speculation. (ECF No. 47 at 13.) The City Defendants further point out that this Court denied Plaintiffs' proposed amendment because "Plaintiffs fail to proffer any named individual who suffered an injury (i.e., a warrantless seizure) pursuant to any of the Other Offenses of the City Code Provision. In other

6

words, Plaintiffs failed to provide proposed named-plaintiffs to represent Class Two, such that any proposed additional claims arising under the City Code Provision Sections 15-210(1-4) and 15-210(6-8) will likely be dismissed." (ECF No. 41 at 23.) All County Defendants also oppose and state that the on-going discovery showed that from the 267 vehicles, "less than 40 … were immobilized under City Code § 15-210(a)(5), … [and] … of those immobilized vehicles, only 10 were actually towed by All County after the 72-hour immobilization period. Such a small and specifically identifiable group of individuals cannot support class certification." (ECF No. 48 at 9.)

The numerosity prong of Rule 23(a) requires that individuals in the proposed class be so numerous that joinder is impracticable. Fed. R. Civ. P. 23(a)(1). In the Second Circuit, numerosity is presumed when the proposed class is greater than or equal to forty members. *Marcus v. AXA Advisors, LLC*, 307 F.R.D. 83, 95 (E.D.N.Y. 2015); *see also Newman v. Bayer Corp.*, 348 F.R.D. 567, 578 (S.D.N.Y. 2025) (same). This presumption, however, "does not provide rigid parameters, and the ultimate issue is whether the class is too large to make joinder practicable." *Abu Dhabi Com. Bank v. Morgan Stanley & Co. Inc.*, 269 F.R.D. 252, 255 (S.D.N.Y. 2010) (internal quotation marks and footnote omitted); *see Robidoux v. Celani*, 987 F.2d 931, 936 (2d Cir. 1993) ("Determination of practicability depends on all the circumstances surrounding a case, not on mere numbers.") (citing *Demarco v. Edens*, 390 F.2d 836, 845 (2d Cir. 1968)). Thus, in considering the practicability of joinder, courts focus on the factors articulated by the Second Circuit in *Robidoux*:

> (1) judicial economy arising from the avoidance of a multiplicity of actions; (2) geographic dispersion of class members; (3) financial resources of class members; (4) the ability of claimants to institute individual suits; and (5) requests for prospective injunctive relief which would involve future class members.

*Robidoux*, 987 F.2d at 936.

These factors become particularly salient in circumstances where the size of the proposed class falls in the so-called "gray-area" of between twenty-one and forty members. *MacNamara v. City of N.Y.*, 275 F.R.D. 125, 137 (S.D.N.Y. 2011) ("In deciding numerosity, particularly in the 'gray area' between these parameters, courts must consider factors other than class size.") (citation omitted).

Here, Plaintiffs' memorandum in support is devoid of any allegations or legal argument of the *Robidoux* factors. Rather, Plaintiffs in a conclusory fashion write that joinder of the 2,166 impounded vehicles owners is impracticable without providing more. (ECF No. 46-1 at 8-9.) A "proposed class of more than 40 members presumptively satisfies the numerosity requirement," and the Court finds that Plaintiffs have satisfied that requirement since out of the 267 vehicles seized, 80 to 90 class members have been identified throughout the litigation. (ECF No. 49-1 at ¶ 13.) *See Avila v. Ardian Corp.*, No. 18-CV-4795-FB-TAM, 2022 WL 3370024, at *2 (E.D.N.Y. Aug. 16, 2022) (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)). Likewise, Exhibit C to the Complaint which lists the 267 vehicles, includes the names of the registered owners. (ECF No. 46-4 at 2-19.)

Therefore, the numerosity requirement for purposes of certification is satisfied.

  ii. ***Rule 23(a)(2) and (3): Commonality/Typicality***

"The commonality and typicality requirements tend to merge into a single inquiry." *Avila*, 2022 WL 3370024 at *3 (quotes omitted); *Marisol A. v. Giuliani*, 126 F.3d 372, 376 (2d Cir. 1997) ("The commonality and typicality requirements tend to merge into one another, so that similar considerations animate analysis of Rules 23(a)(2) and (3)"). Rule 23(a)(2) requires a plaintiff to show "questions of law or fact common to the class" and Rule 23(a)(3) requires that plaintiff's claims "are typical of the claims. . . of the class." *Avila*, 2022 WL 3370024 at *3; Fed.

8

R. Civ. P. 23(a)(2)-(3). This can be "easily satisfied" by a single common issue. (*Avila*, 2022 WL 3370024 at *3; *Francisco v. NY Tex Care, Inc.*, No. 19-CV-1649 (PKC) (ST), 2022 WL 900603, at *6 (E.D.N.Y. Mar. 28, 2022) ("Even a single common question will suffice") (quotes omitted). Critically, a plaintiff must demonstrate the proposed class has suffered the same injury. *Avila*, 2022 WL 3370024 at *3.

> Typicality, which requires that the claims or defenses of the representative parties are typical of the claims or defenses of the class[.] Fed. R. Civ. P. 23(a)(3), allows courts to consider whether a putative class representative is subject to unique defenses which threaten to become the focus of the litigation[.]

*Cheng v. HSBC Bank USA, N.A.*, No. 23-7383, 2024 WL 4835268, at *1 (2d Cir. Nov. 20, 2024) (internal citations and quotations omitted).

Plaintiffs aver that the proposed members' and Plaintiffs' claims are common to each other as they arise out of the same "unconstitutional acts" conducted by Defendants. (ECF No. 46-1 at 9.) To that end, the common question is "whether Defendants unconstitutionally deprived plaintiffs of their property without due process." (*Id.*) Likewise, typicality is satisfied as all members have been deprived of their property without due process, which requires the same "proof" to prevail on the claims if they are individually brought. (*Id.* at 9-10.) City Defendant believes otherwise, arguing that Plaintiffs did not identify any question that is common to all. (ECF No. 47 at 14.) City Defendant further argues that the original parties bring their claims under different Codes and their factual allegations are diverse. (*Id.* at 15.) For example, City Defendant states

> [t]he most readily distinguishable plaintiff is Horn, whose vehicle was seized under City Code § 15-210(a)(6) for violating VTL § 511. … As Plaintiffs' claims are limited to seizures made under City Code § 15-210(a)(5), Horn's case is not only factually distinct but involves an entirely different class of seizures. … Thus, Horn's claims cannot be typical of the proposed class, of which he is not even a member. As to the remaining Plaintiffs, while Guma and Lyons both had their vehicles seized under City Code § 15-210(a)(5), their claims differed in key respects. The most significant is that Guma appeared in City Court after the seizure

9

> to contest his outstanding parking violations and had a number of those tickets dismissed, while Lyons stated he had to pay his outstanding tickets for the police to release his vehicle, with no mention of a hearing or opportunity to contest the underlying violations or seizure. … This is relevant to both Plaintiffs' due process claim, as it speaks to both the extent of process provided, and to damages, which Plaintiffs argue should include all amounts paid by the Defendants, including the tickets for the underlying violations.

(*Id.* at 15-16.) All County Defendants contend the same. (ECF No. 48 at 10.)

Interestingly, Plaintiffs do not address these arguments and rather state that commonality and typicality are "easily met." (ECF No. 49 at 3.) Nonetheless, "[w]hat matters to class certification is not the raising of common questions but rather, the capacity of a class-wide proceeding to generate common *answers* apt to drive the resolution of the litigation." *Newman v. Bayer Corp.*, 348 F.R.D. 567, 578 (S.D.N.Y. 2025) (citing *Mangahas v. Eight Oranges Inc.*, No. 22-CV-4150, 2024 WL 2801922, at *6 (S.D.N.Y. May 31, 2024)). Commonality here is satisfied because "[t]his case [] raises, at a minimum, a common question as to the legality of Defendants' vehicle seizures." *Decastro v. City of New York*, No. 16-CV-3850 (RA), 2019 WL 4509027, at *9 (S.D.N.Y. Sept. 19, 2019) (quoting *Calvo v. City of N.Y.*, No. 14-CV-7246 (VEC), 2018 WL 1633565, at *5 n.18 (S.D.N.Y. Apr. 2, 2018)). It therefore follows that typicality is met as well because regardless of which City Code was used to seize the vehicles, the same due process arguments are made among the proposed members. *See Decastro*, 2019 WL 4509027, at *10 ("Typicality is satisfied here because: (1) the named Plaintiffs seek to hold Defendants liable for the same conduct that is the basis of the claims of all class members, and (2) the § 19-506(b)(2) violators make the same legal arguments with respect to the constitutionality of the seizures as the § 19-506(b)(1) violators."); *see also In re Smith Barney Transfer Agent Litig.*, 290 F.R.D. 42, 45–46 (S.D.N.Y. 2013) (quoting *Robidoux,* 987 F.2d at 936–37) ("[w]hen it is alleged that the same unlawful conduct was directed at or affected both the named plaintiff and the class sought

10

to be represented, the typicality requirement is usually met irrespective of minor variations in the fact patterns underlying individual claims.")

Accordingly, Rule 23's subsections of commonality and typicality are satisfied.

### iii.    *Rule 23(a)(4): Adequacy of Representation*

"Determination of adequacy typically entails inquiry as to whether: 1) plaintiff's interests are antagonistic to the interest of other members of the class and 2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Cordes & Co. Fin. Servs. v. A.G. Edwards & Sons, Inc.*, 502 F.3d 91, 99 (2d Cir. 2007); *Cheng*, 2024 WL 4835268, at *1 (internal citations omitted) ("The test for adequacy, … is twofold: 'the proposed class representative [1] must have an interest in vigorously pursuing the claims of the class, and [2] must have no interests antagonistic to the interests of other class members.'")

Here, Plaintiffs request to be appointed as class representatives and that their attorneys be appointed as lead counsel to the class. (ECF No. 64 at 2.) As alleged, Plaintiffs have been injured in the same manner as the proposed class members and there is no evidence provided by Defendants that appointing them as representatives would be antagonistic to the Class. (*See* ECF No. 46-1 at 10.) In addition, Plaintiffs are committed to this lawsuit and have been heavily involved in assisting their attorneys. (*Id.*) Defendants argue that as Plaintiffs failed to show typicality, they cannot be appointed as representatives. (ECF Nos. 47 at 5, 16; 48 at 9-11.)

As typicality is established herein, Plaintiffs may be appointed as representatives for the Class. Plaintiffs' interest—seeking relief for the alleged deprivation of due process—mirrors that of the proposed class. *See Madden v. Midland Funding, LLC*, 237 F. Supp. 3d 130, 157 (S.D.N.Y. 2017) (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625–26, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997) ("A class representative must be part of the class and possess the same

11

interest and suffer the same injury as the class members."); *Whelan v. Diligent Corp.*, 349 F.R.D. 79, 88 (S.D.N.Y. 2025) (quoting *Lapin v. Goldman Sachs & Co.*, 254 F.R.D. 168, 176 (S.D.N.Y. 2008) and *Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152, 156 (S.D.N.Y. 2008) ("commonality standard does 'not mandate that the claims of the lead plaintiff be identical to those of all other plaintiffs.' Rather, it 'require[s] that plaintiffs identify some unifying thread among the members' claims that warrants class treatment.'")); *see also Amigon v. Safeway Constr. Enters., LLC*, No. 20-CV-5222 (PK), 2024 WL 5040436, at *4 (E.D.N.Y. Dec. 9, 2024) (approving Plaintiff as class representative as there was no indiciation that his interests were antagonistic to other class members)).

Next as to Class Counsel, Plaintiffs contend that Campanelli are experienced in complex cases such as this one and will advocate on behalf of the proposed members. (ECF No. 46-1 at 11.) Moreover, Campanelli asserts that they are "highly experienced in litigating federal civil rights actions." (*Id.* at 19.) City Defendant opposes stating that Campanelli does not outline the requirements under Fed. R. Civ. P. 23 or demonstrate its experience in class actions. (ECF No. 47 at 19.) All County is slient to this point. (*See* ECF No. 48.) However, Andrew J. Campanelli ("Mr. Campanelli") submits a Declaration in Plaintiffs' Reply outling their experience and ability to take on class actions. (ECF No. 49-1 at 2-3.)

> [A]n essential concomitant of adequate representation is that the party's attorney be qualified, experienced and generally able to conduct the proposed litigation. Rule 23(g)(1)(A) instructs the court to consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the kinds of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. The court may also consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class. Fed. R. Civ. P. 23(g)(1)(B).

12

*Robertson v. Trinity Packaging Corp.*, No. 24-1296, 2025 WL 1135350, at *2 (2d Cir. Apr. 17, 2025) (citing *Eisen v. Carlisle and Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968) (internal quotations omitted)).

Mr. Campanelli outlined his extensive experience litigating these very cases since 1999. (ECF No. 49-1 at ¶ 7.) Specifically, Mr. Campanelli has handled 1,400 individual cases at once and avers that handling approximately 80-90 claims in one action is "substantially less burdensome upon [him] and [his] firm." (ECF No. at ¶ 12.) Mr. Campanelli is also admitted to practice in over 20 Courts around the Country. (*Id.* at ¶ 6.) It is clear that his 30 plus years of experience, with 29 being in civil rights actions, enables him to be an adequate class counsel. (*Id.* at ¶ 5.) *See In re Waste Mgmt. Sec. Litig.*, No. 22-CV-4838 (LGS), 2025 WL 958467, at *14 (S.D.N.Y. Mar. 31, 2025) (appointing class counsel based upon counsel's extensive experience); *Black Love Resists in the Rust v. City of Buffalo, N.Y.*, No. 18-CV-00719, 2025 WL 1165686 (CR), at *13 (W.D.N.Y. Apr. 22, 2025) ("Plaintiffs are represented by three nonprofit civil rights organizations that frequently litigate civil rights cases and a law firm with extensive litigation experience.")

Accordingly, the requirement of adequate of representation is satisfied.

### iv. Ascertainability

"The ascertainability doctrine that governs in this Circuit requires only that a class be defined using objective criteria that establish a membership with definite boundaries." *In re Petrobras Sec.*, 862 F.3d at 269. What the ascertainability requirement does not require is a showing of administrative feasibility at the class certification stage. *Id.* at 265. Here, the proposed class is clearly ascertainable as it can be defined with objective criteria. That is, the class will consist of individuals "that were deprived of their property by the City without due process during the Class Period and were damaged thereby." (ECF No. 46-1 at 11-12.) Thus,

13

Plaintiffs have satisfied the requirement of ascertainability. In sum, the Court finds that Plaintiffs have satisfied the requirements of Rule 23(a).

### v. *Predominance and Superiority*

Plaintiffs must also demonstrate that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" under Rule 23(b)(3). Fed. R. Civ. P. 23(b)(3); *see Avila*, 2022 WL 3370024, at *4.

#### a. *Predominance*

Generally, the predominance requirement is satisfied where "resolution of some of the legal or factual questions that qualify each class member's case as a genuine controversy can be achieved through generalized proof, and if these particular issues are more substantial than the issues subject only to individualized proof." *In re Waste Mgmt. Sec. Litig.*, 2025 WL 958467, at *3 (quoting *Scott v. Chipotle Mexican Grill, Inc.*, 954 F.3d 502, 512 (2d Cir. 2020)). The focus is on whether there are questions of liability common to the class members. *Lewis v. Alert Ambulette Serv. Corp.*, No. 11-CV-442, 2012 WL 170049, at *12 (E.D.N.Y. 2012). "[A] Court must consider the elements of each cause of action, and determine whether those elements can be satisfied by common, class-wide proof." *Newton v. R.C. Bigelow, Inc.*, No. 22-CV-5660 (LDH)(SIL), 2025 WL 994721, at *8 (E.D.N.Y. Feb. 14, 2025), *report and recommendation adopted*, No. 22-CV-5660 (LDH) (SIL), 2025 WL 965690 (E.D.N.Y. Mar. 31, 2025) (quoting *Oscar v. BMW of N. Am., LLC*, 274 F.R.D. 498, 509 (S.D.N.Y. 2011)).

The Complaint alleges counts for violations of Plaintiffs' and the proposed class members' civil rights pursuant to 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments for deprivation of property by unreasonable seizure, deprivation of property

14

without due process of law, taking of property without compensation, violations of the New York Constitution, and conversion. (*See generally* ECF No. 1.) In the instant motion, Plaintiffs only focus on the Fourth Amendment and aver that the common issue here is "one of unreasonable search and seizures." (ECF No. 46-1 at 13.) However, that is not enough to show the Court that the elements of each count asserted in the Complaint are generalized to each proposed class member. Importantly, "[t]he Supreme Court has noted that the standard for Rule 23(b)(3) is considerably 'more demanding' than the commonality requirement of Rule 23(a)." *Azor-El v. City of New York*, No. 20 CIV. 3650 (KPF), 2024 WL 4326921, at *13 (S.D.N.Y. Sept. 27, 2024) (quoting *Comcast Corp.* v. *Behrend*, 569 U.S. 27, 34 (2013)).

Seizures are factually driven and determined on a case-by-case basis. (ECF Nos. 47 at 18; 48 at 12-13.) This is because the "decision to impound is reasonable under the Fourth Amendment is based on all the facts and circumstances of a given case." *Santander Consumer USA, Inc. v. City of Yonkers*, No. 22-CV-8870 (KMK), 2024 WL 4817649, at *6 (S.D.N.Y. Nov. 18, 2024) (quoting *United States v. Lyle*, 919 F.3d 716, 731 (2d Cir. 2019)). Notably, All County Defendants state that each class member may have experienced a different level of seizure as "[s]ome vehicles were booted but never towed, while others were towed and impounded." (ECF No. 48 at 12.) Thus, the individual questions that the Court must answer in its analysis predominate over the common questions.

Predominance alone may be sufficient for denial of class certification. For example, in *Decastro*, on a motion for class certification the Court found that the "common questions [did] not predominate over individual ones[,]" because to prove liability for each class member would require an analysis into individual questions. 2019 WL 4509027, at *13. That case involved the City of New York's policies concerning the use of another's vehicle "for hire" without obtaining

15

a proper license, the fines imposed therein and the ability to seize the vehicle. *Id.* at *1. The Court denied certification based on the predominance requirement while noting *inter alia*, that determining if a class member paid towing fees would become an "individualized inquiry." *Id.* at *13.

Similarly, in *Calvo*, another case involving New York City's policy allowing seizure of vehicles that were allegedly used "as vehicles for hire[,]" the Court denied class certification. 2018 WL 1633565, at *1. Indeed, predominance was not satisfied despite Plaintiffs' assertion that it would be simple to prove. *Id.* at *8. The Court explained that among other questions, it would have to assess each class member's violations, third-party authorizations for allowing a class member to use their vehicle, and the facts of each seizure. *Id.* Therefore, the individual questions involved did not pass Rule 23's requirements. *Id.* at *9.

Likewise, but in another Fourth Amendment context, in *Mothersell v. City of Syracuse*, the Court denied Plaintiff's motion for certification. 289 F.R.D. 389, 390 (N.D.N.Y. 2013). There, the Plaintiff sought certification for individuals that "were strip searched during the execution of an all-persons-present warrant 'pursuant to the blanket strip search policy, custom, and or practice of the Syracuse Police Department and the City of Syracuse without regard for the existence of probable cause or reasonable suspicion as to the searches.'" *Id.* The reason behind denial was Plaintiff's failure to show that the strip search was based on the "all-persons-present clause" and not for individualized reasons known to the officers at that moment. *Id.* at 400. With that, the Court would not be able to establish liability through generalized proof and individual issues would likely predominate. *Id.*; *see also Nourse v. Cnty. of Jefferson*, No. 17-CV-00807 (BKS) (DJS), 2020 WL 3300549, at *11 (N.D.N.Y. June 18, 2020) ("Thus, Plaintiff has failed to show that 'questions of law of fact common to class members predominate over ...

16

questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'")

Lastly, it is true that class certification may be granted "under Rule 23(b)(3) even if damages require individualized determination." *Newton*, 2025 WL 994721, at *8 (quoting *Hasemann v. Gerber Prods. Co.*, 331 F.R.D. 239, 275 (E.D.N.Y. 2019)). However, here more than just a damages determination is individualized. Accordingly, the predominance requirement is not satisfied.

### b. *Superiority*

"The superiority requirement is satisfied where a class action would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Buchanan*, 2020 WL 8642081 at *4 (quotes omitted). Rule 23(b)(3) sets forth four non-exhaustive factors relevant to the superiority inquiry: (1) the class members' interests in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already begun by or against class members; (3) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (4) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3). A class action is superior where they "facilitate the redress of claims where the costs of bringing individual actions outweigh the expected recovery." *Ortiz v. Chop't Creative Salad Co. LLC*, No. 13-CV-2541 (KNF), 2014 WL 1378922, at *6 (S.D.N.Y. 2014).

Here, in theory a class action would be superior to any other available method for fairly and efficiently adjudicating this controversy. The expense of litigation and the size of numerous individual claims proceeding as a class action here would be "more economically sensible."

17

*Lizondro-Garcia v. Kefi LLC*, 300 F.R.D. 169, 177 (S.D.N.Y. 2014). Interestingly, the City takes no position to this requirement, claiming that there are other deficiencies that warrant denial. (ECF No. 47 at 17 n.8.) Similarly, All County Defendants focus on predominance rather than superiority. (ECF No. 48 at 11-13.)

"However, where individualized issues predominate, [such as here,] a class action is less likely to be superior due to the difficulties of managing a class action." *Reid v. A-Plus Care HHC Inc.*, No. 23-CV-01163 (JPC) (SDA), 2024 WL 5443182, at *14 (S.D.N.Y. Nov. 27, 2024), *report and recommendation adopted sub nom. LOUISE REID, Individually & on Behalf of All Others Similarly Situated, Plaintiff, v. A-PLUS CARE HHC INC., et al., Defendants.*, No. 23-CV-1163 (JPC) (SDA), 2025 WL 1703066 (S.D.N.Y. June 18, 2025) (collecting cases).

Therefore, due to the requirement of predominance having been not satisfied, superiority likewise may not be satisfied. Accordingly, the Class may not be deemed certified.

## CONCLUSION

For the reasons stated herein, Plaintiff's Motion for Class Certification (ECF No. 46) is **DENIED**.

Dated: Central Islip, New York
　　　　July 7, 2025

　　　　　　　　　　　　　　　　　　　　　　S O  O R D E R E D:

　　　　　　　　　　　　　　　　　　　　　　/S/ *James M. Wicks*
　　　　　　　　　　　　　　　　　　　　　　JAMES M. WICKS
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

18