UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

DANIEL GUMA, MICHAEL D'ANTONI,
KEVIN HORN and TIMOTHY LYONS, *on behalf of themselves and others similarly situated*,

         *Plaintiffs*,

   -against-

THE CITY OF LONG BEACH, ALL COUNTY
HOOK UP TOWING, INC. d/b/a ALL COUNTY
TOWING & RECOVERY, JOSEPH CALVAGNO,
*individually*,

         *Defendants*.

-------------------------------------------------------------------X

FILED
CLERK

12/17/2025

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER**

23-cv-04529 (GRB)(JMW)

**A P P E A R A N C E S:**

   Andrew J. Campanelli
   **Campanelli & Associates, P.C.**
   1757 Merrick Avenue, Suite 204
   Merrick, NY 11566
   *Attorneys for Plaintiffs*

   *No other appearances*

**WICKS,** Magistrate Judge:

Plaintiffs Daniel Guma, Michael D'Antoni, Kevin Horn and Timothy Lyons bring claims for constitutional violations of their Fourth, Fifth and Fourteenth Amendment rights specifically to challenge the City of Long Beach's "Boot and Tow" policy and program, which consists of seizing and selling motor vehicles for the sole purpose of collecting monies for unpaid and often

1

unadjudicated parking tickets. (*See generally*, ECF No. 1.) Plaintiffs allege Defendants[1] engaged in unconstitutional warrantless seizure of their personal vehicles, and deprived Plaintiffs of their due process rights and just compensation in relation to the seizure. (*Id.*) At this stage, three out of the four Plaintiffs have settled in principle with Defendant City of Long Beach. (*See* ECF Nos. 53; 54 at 1; 57.)  Counsel for Plaintiffs, Andrew J. Campanelli ("Mr. Campanelli" or "Counsel") now seeks to be relieved as counsel[2] for the fourth Plaintiff, Michael D'Antoni ("D'Antoni") due to D'Antoni ceasing all communications with counsel. (ECF No. 54 at 1-2.) All parties including D'Antoni were afforded opportunity to oppose and no opposition was filed. For the reasons stated herein, the Motion to Withdraw as counsel for Plaintiff D'Antoni (ECF No. 54) is **GRANTED**.

## LEGAL FRAMEWORK

Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York governs the withdrawal of counsel.

> [A]n attorney who has appeared for a party may be relieved or displaced only by order of the court. Such an order may be issued following the filing of a motion to withdraw, and only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, and whether or not the attorney is asserting a retaining or charging lien. … All motions to withdraw must be served upon the client and (unless excused by the court) upon all other parties. Proof of such service upon the client shall be filed on the docket in each case where withdrawal is sought.[3]

Local Civ. R. 1.4(b).

---

[1] Defendants include City of Long Beach, All County Towing and Recovery and All County Hook Up Towing, Inc., and Joseph Calvagano (collectively, "Defendants").

[2] Mr. Campanelli is co-counsel to Plaintiffs along with Jean M. Smyth and Philip A. Salmon from the firm of Campanelli & Associates, P.C., and as part of the instant application asserts that he makes this application for "my firm to be relieved" as counsel for Plaintiff D'Antoni. (ECF No. 54 at 2.)

[3] As part of the motion, Counsel submitted a Declaration of Service that he served his motion to withdraw and supporting documents upon all Plaintiffs on December 11, 2025, and December 12, 2025. (*See* ECF Nos. 55-56.)

"Whether to grant or deny a motion to withdraw as counsel is within the sound discretion of the district court." *Finkel v. Fraterrelli Brothers, Inc.*, No. 05-CV-1551 (ADS) (AKT), 2006 WL 8439497, at *1 (E.D.N.Y. Dec. 4, 2006) (citing *Whiting v. Lacara*, 187 F.2d 317, 320 (2d Cir. 1999)). "In determining whether to grant a motion to withdraw as counsel, 'district courts ... analyze two factors: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding.'" *Schwartz v. AMF Bowling Ctr., Inc.*, 746 F. Supp. 3d 1, 6 (E.D.N.Y. 2024) (quoting *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 08-CV-6469 (DAB) (JCF), 2011 WL 672245, at *1 (S.D.N.Y. Feb. 17, 2011)). New York's Rules of Professional Conduct ("NYRPC")[4] neatly divide the bases for withdrawal into two broad categories, namely, mandatory (*see* NYRPC Rule 1.16(b)) and permissive (*see* NYRPC Rule 1.16(c)).

With this framework in mind, the Court addresses the instant application.

## DISCUSSION

Withdrawal is sought here under one of the enumerated "permissive" sections of Rule 1.16(c) (ECF No. 54), namely, that a lawyer may withdraw from representing a client when … the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively. *See* NYRPC Rule 1.16(c)(7). A breakdown in attorney-client relationship provides sufficient grounds to grant a motion to withdraw. *Papadatos v. Home Depot U.S.A, Inc.*, No. 21-CV-3208 (WFK) (JMW), 2022 WL 2612353, at *2 (E.D.N.Y. June 10, 2022); *Lombardo v. JPMorgan Chase Bank, N.A.*, No. 20 CV 6813 (VB), 2024 WL 4707937, at *3 (S.D.N.Y. Nov. 7, 2024) (deteriorated relationship presents "irreconcilable differences" that warrants withdrawal); *Coreas v. Angeles*

---

[4] "The New York Rules of Professional Conduct govern the conduct of attorneys in federal courts sitting in New York as well as in New York State courts." *Steele v. Bell*, No. 11-CV-9343 (RA), 2012 WL 6641491, at *2 n.1 (S.D.N.Y. Dec. 19, 2012) (citation omitted).

*Beauty Salon Inc.*, No. 25-CV-00604 (GRB) (JMW), 2025 WL 2308862, at *2 (E.D.N.Y. July 7, 2025) (same).

D'Antoni's failure to respond to Counsel is the very ground upon which this motion is predicated which ss the essence of a breakdown in the attorney-client relationship. Counsel relies upon exhibits supporting his attempts to contact D'Antoni and avers all attempts have been unsuccessful. (*See* ECF No. 54 at 1, 4, 6.) Thus, under these circumstances, Counsel cannot effectively represent D'Antoni. *See Interpool, Inc. v. JJS Transportation & Distribution Co.*, No. 22-CV-01103 (JMA) (JMW), 2022 WL 17335670, at *5 (E.D.N.Y. Nov. 30, 2022) ("When a client makes it unreasonably difficult for an attorney to effectively carry out representation for the client—like here—that is sufficient grounds to grant the application.") The lack of opposition from D'Antoni also suggests that withdrawal is the proper course here. *Doe v. Holy Bagel Cafe II, Inc.*, No. 2:15-CV-03620 (MKB) (JMW), 2024 WL 4708707, at *3 (E.D.N.Y. Oct. 17, 2024) ("Given the clear breakdown in communication and to whatever attorney-client relationship that may have persisted, and considering the absence of opposition by Defendant Sanchez, withdrawal is appropriate.")

The circumstances presented here are satisfactory reasons for permissive withdrawal since they evidence "a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client." *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 445 (S.D.N.Y. 2014); *see also Liang v. Lucky Plaza Rest.*, No. 12-CV-5077 (PAC)(GWG), 2013 WL 3757036, at *2 (S.D.N.Y. July 17, 2013) (counsel allowed to withdraw where client refused to cooperate in prosecution of his case.); *Tyler v. Petersen*, No. 20-CV-06186 (JMA) (JMW), 2025 WL 1334465, at *2 (E.D.N.Y. Apr. 9, 2025) (same). Therefore, the ground for withdrawal under Rule 1.16(c)(7) has been satisfied.

In light of the grant of the motion, a stay is appropriate. A thirty-day stay of proceedings will provide sufficient time and opportunity for D'Antoni to retain substitute counsel, and for new counsel to become familiar with the matter. "Courts often find it appropriate to grant a short stay in order to alleviate any possible prejudice to the client whose counsel is withdrawing and allow the client time to find new counsel." *Bueno v. Allcity Med., P.C.*, No. 22-CV-2216 (JGLC) (KHP), 2023 WL 7001398, at *3 (S.D.N.Y. Oct. 17, 2023); *see Allen v. Krucial Staffing, LLC*, No. 20-CV-2859 (JGK), 2022 WL 2106447, at *2 (S.D.N.Y. June 9, 2022) (granting a thirty-day stay of proceedings after granting a motion to withdraw to ensure that plaintiffs have time to retain new counsel or decide to proceed pro se); *Jimenez v. Garvies Point Bagel Corp.*, No. 24-CV-04449 (SJB) (JMW), 2025 WL 3299442, at *3 (E.D.N.Y. Oct. 7, 2025) (same).

Accordingly, Counsel's motion to withdraw is granted.

## CONCLUSION

For the reasons stated above, the Motion to Withdraw as counsel for D'Antoni (ECF No. 54) is **GRANTED**. All proceedings in this case are stayed until **January 23, 2026**, so that D'Antoni is afforded the opportunity to retain substitute counsel. The parties shall appear for an in-person Status Conference on **February 19, 2026, at 10:00 AM** before the undersigned. Outgoing counsel is directed to serve a copy of this Order upon Plaintiff D'Antoni at Mr. D'Antoni's last known address and email address and file proof of service on ECF **within two business days**.

Dated: Central Islip, New York
December 17, 2025

S O   O R D E R E D:

/S/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge

5